**SULAIMAN LAW GROUP**
Marwan R. Daher
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 630-575-8181
Facsimile: 630-575-8188
E-Mail: mdaher@sulaimanlaw.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA
### PHOENIX DIVISION

| | |
|---|---|
| Nancy L. Johnson,<br><br>Plaintiff,<br><br>v.<br><br>Discover Financial Services, Inc., Barclays Bank Delaware, Southwest Financial Of Phoenix, Capital One Bank, Equifax Information Services, LLC, Transunion LLC, And Experian Information Solutions, Inc.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Nancy L. Johnson ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of Discover Financial Services, Inc. ("Discover"), Barclays Bank Delaware ("Barclays Bank"), Southwest Financial of Phoenix ("Southwest Financial"), Capital One Financial Corporation ("Capital One"), Equifax Information Services, LLC ("Equifax"), TransUnion LLC ("TransUnion"), and Experian Information Solutions, Inc. ("Experian") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA"), pursuant to 15 U.S.C. §1681 *et seq.*

### JURISDICTION AND VENUE

2.   Subject matter jurisdiction is conferred upon this Court by the FCRA and 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff lives in the District of Arizona, Defendants conduct business in the District of Arizona, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Arizona.

4.   Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

**PARTIES**

5.   Plaintiff Nancy L. Johnson is a consumer and natural person over 18 years of age who, at all times relevant, resided in the District of Arizona.

6.   Discover is a Delaware corporation engaged in the business of offering credit services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail, credit reporting, and telephone from consumers across the country, including consumers in the State of Arizona.

7.   Barclays Bank Delaware offers lines of credit to consumers for travel, retail, and business purposes. The institution manages accounts for consumers across the country including consumers in the State of Arizona.

8.   Southwest Financial provides personal loans to individuals for consumer purposes including auto loans, furniture loans and marital loans. Southwest Financial has a principal place of business located at 2328 W Northern Ave, Phoenix, Arizona 85021.

9.   Capital One is an American bank holding company specializing in credit cards, auto loans, banking, and savings accounts. Capital One is headquartered in McLean. Virginia and provides credit to consumers across the United States, including in the State of Arizona.

10. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of California. Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

11. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of California. TransUnion's registered agent is located at 251 Little Falls Drive, Wilmington, Delaware.

12. Experian is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses.[1] Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of California.

**FACTS SUPPORTING CAUSE OF ACTION**

13. Prior to events giving rise, on November 1, 2018, Plaintiff discovered that many documents were missing from her possession. These items included her debit and credit cards, checks, identification cards, and social security card.

14. Plaintiff runs a foster care home in Phoenix and believes that one of the girls had stolen this information without her consent.

---

[1] https://www.experian.com/corporate/experian-corporate-factsheet.html.  (Last visited: 5/17/2021).

15. On November 28, 2018, Plaintiff reported the theft of her documents to the Phoenix Police Department.

16. Following the reporting of her stolen items, Plaintiff noticed fraudulent and erroneous information appearing on each of her consumer credit reports.

17. On or about June 1, 2020, Plaintiff contacted Prudential Consulting Solutions ("PCS"), a credit repair company, to help her remove the fraudulent and erroneous information lingering on her consumer credit reports.

18. On June 16, 2020, PCS sent Defendants, Equifax, TransUnion, and Experian dispute letters on Plaintiff's behalf. In the letter, Plaintiff identified several fraudulent accounts that were reporting "closed," and "charged-off."

19. While complying with some of Plaintiff's requests to remove fraudulent accounts, Defendant continued to report numerous fraudulent accounts on Plaintiff's file, despite being identified as fraudulent in her dispute letters.

20. On July 30, 2020, Plaintiff again sent Defendants, Equifax, TransUnion, and Experian dispute letters for several fraudulent and erroneous accounts Defendants failed to remove from her credit files in the prior dispute letter.

21. Specifically, Plaintiff told Equifax, TransUnion, and Experian that she was a victim of identity theft and that while they removed some accounts, numerous accounts remain on her credit file that do not belong to her.

22. Moreover, Plaintiff explicitly listed: Unauthorized Discover, and Capital One accounts to Equifax, TransUnion, and Experian; Unauthorized Barclays Bank accounts to TransUnion and Experian; and Unauthorized Southwest Financial account to Experian.

23. Additionally, Plaintiff attached a Federal Trade Commission Identity Theft Report, along with Phoenix Police Department Incident Report.

24. Upon information and belief, Discover, Barclays Bank, Southwest Financial and Capital One received notice of Plaintiff's July 30, 2020, dispute letter within five days of Plaintiff initiating the dispute with Equifax, TransUnion, and Experian. *See* 15 U.S. Code §1681i(a)(2).

25. Equifax failed to reasonably investigate Plaintiff's credit disputes. Specifically, Equifax continued to report Discover, and Capital One on Plaintiff's credit file, after Plaintiff communicated to Defendant that she was a victim of identity theft and is not responsible for the alleged accounts. Although the trade lines were to be deleted, Equifax continued to report the fraudulent Discover, and Capital One accounts.

26. Experian similarly failed to reasonably investigate Plaintiff's credit disputes. Specifically, Experian continued to report Discover, Barclays Bank, Southwest Financial and Capital One on Plaintiff's credit file, after Plaintiff communicated to Defendant that she was a victim of identity theft and is not responsible for the alleged account. Although the trade line was to be deleted, Experian continued to report the fraudulent Discover, Barclays Bank, Southwest Financial and Capital One accounts.

27. TransUnion failed to reasonably investigate Plaintiff's credit disputes. Specifically, TransUnion continued to report Discover, Barclays Bank and Capital One on Plaintiff's credit file, after Plaintiff communicated to Defendant that she was a victim of identity theft and is not responsible for the alleged accounts. Although the trade line should be deleted, TransUnion continued to report the fraudulent Discover, Barclays Bank and Capital One accounts.

28. Defendants have been reporting derogatory and inaccurate information relating to Plaintiff and Plaintiff's credit history to third parties. The inaccurate information consists of accounts and trade lines that do not belong to Plaintiff, and which were a result of identity theft.

29. Much to Plaintiff's chagrin, Plaintiff found that all three credit reporting agencies were continuing to inaccurately report the fraudulent alleged accounts that did not belong to her. To this

date, Defendants continue to inaccurately report the alleged accounts as derogatory, with a past due amount, and a balance amount.

30. The reporting of the Discover, Barclays Bank, Southwest Financial and Capital One trade lines is patently inaccurate and materially misleading because Plaintiff was a victim of identity theft and the trade line pertaining to the alleged accounts did not belong to Plaintiff.

31. Despite having actual knowledge that Plaintiff had no connection to the alleged accounts and that the alleged accounts stem from Plaintiff's identity being stolen, Defendants should have removed the alleged accounts from Plaintiff's credit files.

32. Any reasonable investigation engaged in by Defendants would and should have revealed the inaccuracy of the information on Plaintiff's consumer credit reports.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

33. The erroneous reporting of the alleged accounts paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the alleged accounts has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations and is thus a high-risk consumer.

34. On August 17, 2021, to remedy the continued inaccurate and materially misleading reporting of the fraudulent alleged debts and to validate the accuracy of Defendants' inaccurate credit reporting, Plaintiff purchased a Credit Report and Score for $19.59.

35. Moreover, Plaintiff was denied credit on numerous occasions due to the fraudulent reporting of the alleged debts in each of Plaintiff's credit files. To date, Plaintiff has yet to receive any credit due to Defendants' inaccurate and materially misleading reporting of the alleged debts.

36. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and/or credit opportunities, and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

37. As a result of the conduct, actions, and inactions of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, expenses and time incurred curing and remediating fraudulent account activity, time and expenses reasonably incurred to prevent future fraudulent activity, credit monitoring, constant vigilance in detecting fraudulent account activity, out-of-pocket expenses, the loss of credit, the loss of credit opportunities, loss of the use of funds, injury to reputation and credit rating, the loss of ability to purchase and benefit from a credit line, local or long distance telephone calls, postage, time and money expended meeting with her attorneys, tracking the status of her disputes, obtaining police reports, monitoring her credit files, mental and emotional pain and suffering, and other frustration and aggravation associated with disputing the fraudulent alleged accounts that do not belong to Plaintiff.

38. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in her Equifax, TransUnion, and Experian credit files.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST DISCOVER)

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

41. Discover is a "person" as defined by 15 U.S.C. §1681a(b).

42. Discover is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

43. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

44. Discover violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax, TransUnion, Experian and Plaintiff.

45. Discover violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax, TransUnion, Experian, and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

46. Had Discover reviewed the information provided by Equifax, TransUnion, Experian, and Plaintiff, it would have corrected the inaccurate designation of the alleged account, and transmitted the correct information to TransUnion, Equifax, and Experian. Instead, Discover wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

47. Discover violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax, TransUnion, and Experian.

48. Discover violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax, TransUnion, and Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the alleged account.

49. Discover violated 15 U.S.C. §1681s-2(b)(1)(E) by failing delete inaccurate information in Plaintiff's Equifax, TransUnion, and Experian credit files.

50. Discover failed to conduct a reasonable investigation of its reporting of the alleged account by not deleting the inaccurate information from Plaintiff's Equifax, TransUnion, and Experian credit files within 30 days of receiving notice of the disputes from Equifax, TransUnion, and Experian under 15 U.S.C. §1681i(a)(1).

51. Despite the blatantly obvious errors in Plaintiff's Equifax, TransUnion and Experian credit files, and Plaintiff's efforts to correct the errors, Discover did not correct the errors or trade line to report accurately. Instead, Discover wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

52. A reasonable investigation by Discover would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax, TransUnion, and Experian credit files.

8

53. Had Discover taken steps to investigate Plaintiff's valid disputes or Equifax's, TransUnion's, and Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

54. By deviating from the standards established by the credit card industry and the FCRA, Discover acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax, TransUnion, and Experian.

**WHEREFORE**, Plaintiff, NANCY L. JOHNSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  An order directing Discover to immediately delete all of the inaccurate fraudulent information from Plaintiff's credit reports and credit files;

c.  Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d.  Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST CAPITAL ONE)

55. Plaintiff restates and realleges paragraphs 1 through 54 as though fully set forth herein.

56. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

57. Capital One is a "person" as defined by 15 U.S.C. §1681a(b).

58. Capital One is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

59. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

60. Capital One violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax, TransUnion, Experian and Plaintiff.

61. Capital One violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax, TransUnion, Experian, and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

62. Had Capital One reviewed the information provided by Equifax, TransUnion, Experian, and Plaintiff, it would have corrected the inaccurate designation of the alleged account, and transmitted the correct information to Equifax, TransUnion and Experian. Instead, Capital One wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

63. Capital One violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax, TransUnion, and Experian.

64. Capital One violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax, TransUnion, and Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the alleged accounts.

65. Capital One violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to delete the inaccurate information in Plaintiff's Equifax, TransUnion, and Experian credit files.

66. Capital One failed to conduct a reasonable investigation of its reporting of the alleged accounts, record that the information was disputed, or delete the inaccurate information from

Plaintiff's Equifax, TransUnion, and Experian credit files within 30 days of receiving notice of the dispute from Equifax, TransUnion, and Experian under 15 U.S.C. §1681i(a)(1).

67. Despite the blatantly obvious errors in Plaintiff's Equifax, TransUnion, and Experian credit files, and Plaintiff's efforts to correct the errors, Capital One did not correct the errors or trade line to report accurately. Instead, Capital One wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

68. A reasonable investigation by Capital One would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax, TransUnion, and Experian credit files.

69. Had Capital One taken steps to investigate Plaintiff's valid dispute or Equifax's, TransUnion's and Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting by deleting the alleged accounts from the Plaintiff's credit file.

70. By deviating from the standards established by the debt collection industry and the FCRA, Capital One acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax, TransUnion, and Experian.

**WHEREFORE**, Plaintiff, NANCY L. JOHNSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Capital One to immediately delete all of the inaccurate fraudulent information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e.   Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.   Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g.   Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST BARCLAYS BANK)

71. Plaintiff restates and realleges paragraphs 1 through 70 as though fully set forth herein.

72. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

73. Barclays Bank is a "person" as defined by 15 U.S.C. §1681a(b).

74. Barclays Bank is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

75. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

76. Barclays Bank violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian, TransUnion and Plaintiff.

77. Barclays Bank violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Experian, TransUnion and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

78. Had Barclays Bank reviewed the information provided by Experian, TransUnion and Plaintiff, it would have corrected the inaccurate designation of the alleged accounts and transmitted the correct information to TransUnion and Experian. Instead, Barclays Bank wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

79. Barclays Bank violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Experian and TransUnion.

80. Barclays Bank violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian and TransUnion after being put on notice and discovering inaccurate and misleading reporting with respect to the alleged accounts.

81. Barclays Bank violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to delete the inaccurate information in Plaintiff's Experian and TransUnion credit files.

82. Barclays Bank failed to conduct a reasonable investigation of its reporting of the alleged account, record that the information was disputed, and delete the inaccurate information from Plaintiff's Experian and TransUnion credit files within 30 days of receiving notice of the disputes from Experian and TransUnion under 15 U.S.C. §1681i(a)(1).

83. Despite the blatantly obvious errors in Plaintiff's Experian and TransUnion credit files, and Plaintiff's efforts to correct the errors, Barclays Bank did not correct the errors or trade line to report accurately. Instead, Barclays Bank wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

84. A reasonable investigation by Barclays Bank would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Experian and TransUnion credit files.

85. Had Barclays Bank taken steps to investigate Plaintiff's valid disputes or Experian's, and TransUnion's requests for investigation, it would have permanently deleted the erroneous and misleading credit reporting.

86. By deviating from the standards established by the debt collection industry and the FCRA, Barclays Bank acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian and TransUnion.

**WHEREFORE**, Plaintiff, NANCY L. JOHNSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  An order directing Barclays Bank to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c.  Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d.  Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

### COUNT IV- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
#### (AGAINST SOUTHWEST FINANCIAL)

87. Plaintiff restates and realleges paragraphs 1 through 86 as though fully set forth herein.

88. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

89. Southwest Financial is a "person" as defined by 15 U.S.C. §1681a(b).

90. Southwest Financial is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

91. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

92. Southwest Financial violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian and Plaintiff.

93. Southwest Financial violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Experian and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

94. Had Southwest Financial reviewed the information provided by Experian and Plaintiff, it would have corrected the inaccurate designation of the alleged account and transmitted the correct information to Experian. Instead, Southwest Financial wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

95. Southwest Financial violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Experian.

96. Discover violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the alleged account.

97. Southwest Financial violated 15 U.S.C. §1681s-2(b)(1)(E) by failing delete inaccurate information in Plaintiff's Experian credit files.

98. Southwest failed to conduct a reasonable investigation of its reporting of the alleged account by not deleting the inaccurate information from Plaintiff's Experian credit files within 30 days of receiving notice of the disputes from Experian under 15 U.S.C. §1681i(a)(1).

99. Despite the blatantly obvious errors in Plaintiff's Experian credit files, and Plaintiff's efforts to correct the errors, Southwest did not correct the errors or trade line to report accurately. Instead, Southwest wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

100.    A reasonable investigation by Southwest would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Experian credit file.

101.    Had Southwest taken steps to investigate Plaintiff's valid disputes or Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

102.     By deviating from the standards established by the credit card industry and the FCRA, Southwest acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

**WHEREFORE**, Plaintiff, NANCY L. JOHNSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Southwest Financial to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT V - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST EQUIFAX)

103.     Plaintiff restate and realleges paragraphs 1 through 102 as though fully set forth herein.

104.     Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

105.     Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

106.     At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

107.   At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

108.   The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

109.   The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

110.   If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

111.   Plaintiff provided Equifax with all relevant information in her request for investigation to reflect that she had no obligation on the alleged accounts and that the alleged accounts should be deleted from her consumer credit report.

112.   Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by inaccurately reporting the alleged accounts, when it should have been removed from her consumer credit report.

113.   Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false and materially misleading consumer reports concerning Plaintiff and re-issued these reports to third parties.

114.     Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete the information in Plaintiff's credit files.

115.     Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Discover, and Capital One. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to Discover, and Capital One regarding Plaintiff's dispute that Equifax received from Plaintiff.

116.     Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the alleged accounts.

117.     Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete the inaccurate information that was the subject of Plaintiff's disputes.

118.     Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Discover, and Capital One that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

119.     Equifax knew that the inaccurate reporting of the alleged accounts in Plaintiff's credit files would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

120.     The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

121.     Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

122.     By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

123.     It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

124.     Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

125.     Equifax acted reprehensively and carelessly by reporting and re-reporting the alleged accounts after Plaintiff put Equifax on notice that the alleged accounts was to be deleted.

126.     Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

127.     As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff, NANCY L. JOHNSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.   An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c.   Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.   Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

### COUNT VI- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANSUNION)

128.    Plaintiff restates and realleges paragraphs 1 through 127 as though fully set forth herein.

129.    TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

130.    TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

131.    At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

132.    At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

133.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

134.    The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

135.    If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

136.     Plaintiff provided TransUnion with all relevant information in her request for investigation to reflect that she had no obligation on the alleged accounts and that the alleged accounts should be deleted from her consumer credit report.

137.     TransUnion prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the alleged accounts, when it should have been removed from her consumer credit report.

138.     TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false and materially misleading consumer reports concerning Plaintiff.

139.     TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

140.     TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Discover, Capital One and Barclays Bank. Upon information and belief, TransUnion also failed to include all relevant information as part of the notice to Discover, Capital One and Barclays Bank regarding Plaintiff's dispute that TransUnion received from Plaintiff.

141.     TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the alleged accounts.

142.     TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

143.     TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Discover, Capital One and Barclays Bank that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

144.     TransUnion knew that the inaccurate reporting of the alleged accounts would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

145.     The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

146.     Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

147.     By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

148.     It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

149.     TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

150.     TransUnion acted reprehensively and carelessly by reporting and re-reporting the subject account after Plaintiff put TransUnion on notice that the alleged accounts did not belong to her.

151.     TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in

such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

152.      As stated above, Plaintiff was severely harmed by TransUnion's conduct.

**WHEREFORE**, Plaintiff, NANCY L. JOHNSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.   An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c.   Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.   Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e.   Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f.   Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g.   Award any other relief as this Honorable Court deems just and appropriate.

## COUNT VI - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST EXPERIAN)

153.      Plaintiff restate and realleges paragraphs 1 through 152 as though fully set forth herein.

154.      Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

155.      Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

156.      At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

23

157.    At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

158.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

159.    The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

160.    If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

161.    Plaintiff provided Experian with all relevant information in her request for investigation to reflect that she had no obligation on the subject account and that the subject account should be deleted, as she was a victim of identity theft.

162.    Experian prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the alleged account, when Plaintiff never opened the alleged accounts and was a victim of identity theft.

163.    Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

164.    Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete the information in Plaintiff's credit files.

24

165.     Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Discover, Barclays Bank, Southwest Financial, and Capital One. Upon information and belief, Experian also failed to include all relevant information as part of the notice to Discover, Barclays Bank, Southwest Financial, and Capital One regarding Plaintiff's dispute that Experian received from Plaintiff.

166.     Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the alleged account.

167.     Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete inaccurate information that was the subject of Plaintiff's disputes.

168.     Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Discover, Barclays bank, Southwest Financial, and Capital One that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

169.     Experian knew that the inaccurate reporting of the alleged account would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

170.     The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

171.     Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

172.     By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

173.    It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

174.    Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information inaccurately.

175.    Experian acted reprehensively and carelessly by reporting and re-reporting the alleged account after Plaintiff put Experian on notice that the subject account was to be deleted.

176.    Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

177.    As stated above, Plaintiff was severely harmed by Experian's conduct.

**WHEREFORE**, Plaintiff, NANCY L. JOHNSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c.  Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.  Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Plaintiff demands trial by jury.**

Date: September 30, 2021                           Respectfully submitted,

                                                    By: */s/ Marwan R. Daher*
                                                    Marwan R. Daher, Esq.
                                                    **Sulaiman Law Group**
                                                    2500 S. Highland Avenue, Suite 200
                                                    Lombard, Illinois
                                                    Telephone: 630-575-8181
                                                    Facsimile: 630-575-8188
                                                    E-Mail: mdaher@sulaimanlawgroup.com